CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 27 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:06CR00050-01 |
| | ) | (Civil Action No. 7:16CV80919) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ROBERT CARSTEAL LAW, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

Robert Carsteal Law, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, and the time allotted for Law to respond has expired, making the matter ripe for consideration. For the reasons that follow, the government's motion to dismiss will be granted and Law's motion to vacate will be denied.

## Background

Law was indicted by a federal grand jury on June 15, 2006. Count One of the indictment charged Law with distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On February 21, 2007, Law entered a plea of guilty to that count.

Prior to sentencing, the probation officer prepared a presentence report, which designated Law as a career offender under § 4B1.1 of the United States Sentencing Guidelines. The career offender designation was based on two prior convictions for controlled substance offenses: a 1998 conviction in the Circuit Court for the City of Roanoke for possession with intent to distribute cocaine, and a 2003 conviction in the same court for possession with intent to distribute cocaine. As a career offender, Law was subject to an advisory guideline range of imprisonment of 188 to 235 months.

Law appeared for sentencing on May 25, 2007. The court adopted the presentence report and sentenced him to a term of imprisonment of 188 months. Law did not appeal his conviction or sentence.

On May 6, 2016, Law moved to vacate his sentence under 28 U.S.C. § 2255. Relying on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), Law argues that he no longer qualifies as a career offender and, thus, that he is entitled to resentencing.

Pursuant to Standing Order 2015-5, an attorney in the Office of the Federal Public Defender was appointed to represent Law and provide supplemental briefing, if necessary, in light of Johnson. The attorney subsequently declined to file any additional pleadings on Law's behalf. Accordingly, her appointment was terminated on September 27, 2016, and the government was directed to respond to the pending § 2255 motion.

On November 28, 2016, the government filed a motion to dismiss. The court notified Law of the government's motion, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and gave him 21 days in which to file a response. As of this date, no response has been filed. The matter is now ripe for review.

## Discussion

Section 2255 sets forth four grounds on which a prisoner in federal custody may collaterally attack his sentence: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of
2

proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

In this case, Law claims that he is entitled to resentencing because he no longer qualifies as a career offender under § 4B1.1 of the Sentencing Guidelines. Upon review of the record, the court concludes that this claim is without merit. Section § 4B1.1 provides that a defendant is a career offender if, among other factors, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). As summarized above, Law had two prior felony convictions for controlled substance offenses at the time he committed the offense of conviction. Accordingly, Law was properly designated as a career offender.

In seeking relief under § 2255, Law relies upon the Supreme Court's decision in Johnson v. United States, in which the Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague. Johnson, 135 S. Ct. at 2555-57. However, Johnson has no application here. Law was not sentenced under the residual clause of the Armed Career Criminal Act. Nor was his sentence based upon the residual clause previously contained in § 4B1.2 of the Sentencing Guidelines. Instead, Law was designated as a career offender based on two prior felony convictions for controlled substance offenses. Because the definition of a "controlled substance offense" was not called into question by Johnson, the decision has no effect on the propriety of Law's sentence. See United States v. Reid, No. 16-4318, 2016 U.S. App. LEXIS 21350, at *2 (4th Cir. 29, 2016) ("Johnson has no application where, as here, the

3

designation of career offender is based on prior felony drug convictions."). Accordingly, Law is not entitled to relief under § 2255.*

## Conclusion

For the reasons stated, the court will grant the government's motion to dismiss and deny Law's § 2255 motion. Additionally, because Law has failed to make a substantial showing of the denial of a constitutional right, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 27th day of February, 2017.

                                           /s/ Conrad
                                           Chief United States District Judge

---

* On June 27, 2016 the Supreme Court granted certiorari in Beckles v. United States, 136 S. Ct. 2510 (2016), a case that presents the question of whether Johnson applies to sentences imposed under the residual clause previously found in § 4B1.2(a)(2) of the Sentencing Guidelines, and, if so, whether that rule applies retroactively to cases on collateral review. Because Law's career offender designation was not based upon the residual clause, it is unnecessary to await the Supreme Court's decision in Beckles. Likewise, because Johnson is clearly inapplicable to the defendant's case, the court need not address the other arguments raised in support of the government's motion to dismiss.

4