CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 06 2019

JULIA C. DUDLEY, CLERK
BY: /s/ ASecrale
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:06CR00050 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ROBERT CARSTEAL LAW, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Senior United States District Judge |

Defendant Robert Carsteal Law, through counsel, has filed a motion for reduction of sentence pursuant to the First Step Act of 2018. The motion has been briefed and is ripe for review. For the following reasons, the motion will be granted.

On June 15, 2006, a grand jury in the Western District of Virginia returned a multi-count indictment against the defendant. Count One charged the defendant with distribution of five grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The defendant entered a plea of guilty to that count on February 21, 2007. Based on the amount of cocaine base charged in Count One, the defendant faced a mandatory term of imprisonment of five to 40 years under existing law. See 21 U.S.C. § 841(b)(1)(B) (2006).

The defendant appeared for sentencing on May 25, 2007. At that time, the court adopted the presentence report prepared by the United States Probation Office, which designated the defendant as a career offender. That designation, coupled with the "offense statutory maximum," resulted in a base offense level of 34 under the United States Sentencing Guidelines ("U.S.S.G."). See U.S.S.G. § 4B1.1(b). With a three-level reduction for acceptance of responsibility and a criminal history category of VI, the defendant's guideline range was 188 to 235 months' imprisonment. In accordance with the plea agreement, the government

recommended a sentence at the low end of the guideline range. The court ultimately imposed a term of imprisonment of 188 months, to be followed by a four-year term of supervised release.

The parties agree that the defendant is now eligible for a sentence reduction under the newly-enacted First Step Act of 2018. Section 404 of the First Step Act permits the court to retroactively apply the statutory penalties modified by the Fair Sentencing Act of 2010. See First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (enacted Dec. 21, 2018); see also 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a sentence of imprisonment "to the extent otherwise expressly permitted by statute"). Section 404 provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115- 391, § 404(b). The Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties of which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Id. § 404(a).

In this case, it is undisputed that the defendant's offense of conviction is a "covered offense" for purposes of the First Step Act. The offense was committed before August 3, 2010, and the applicable statutory penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." United States v. Peters, 843 F.3d 572, 575 (4th Cir. 2016) (citing Fair Sentencing Act of 2010, § 2, Pub. L. No. 111-220, 124 Stat. 2372, 2373 (codified at 21 U.S.C. § 841(2012))). As relevant in the instant case, section 2 of the Fair Sentencing Act increased the amount of cocaine base required to trigger the statutory penalties set forth in § 841(b)(1)(B) from five grams to 28 grams. See Pub. L. No. 111-220, § 2(a)(1), 124 Stat. at 2372; see also 21 U.S.C. § 841(b)(1)(B) (2012). Accordingly, the court is

authorized to "impose a reduced sentence as if [section 2] were in effect at the time the covered offense was committed." 115 Pub. L. 391, § 404(b).

When the Fair Sentencing Act is retroactively applied in the defendant's case, the statutory sentencing range for the defendant's offense is up to 20 years' imprisonment and at least three years of supervised release, based on the quantity of cocaine base charged in Count One of the indictment. See 21 U.S.C. § 841(b)(1)(C) (2012) (setting forth the statutory penalties applicable to offenses involving less than 28 grams of a mixture or substance containing cocaine base). The guideline range of imprisonment that now applies in the defendant's case, based on a statutory maximum sentence of 20 years, is 151 to 188 months.

Upon review of the record, the court agrees with the parties that a sentence reduction is warranted in the defendant's case. The court has been advised that the defendant has already served approximately 146 months in prison. After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), and in order to maintain consistency with the relief afforded in similar cases, the court will reduce the defendant's term of imprisonment to 151 months, but not less than time served. The court will also reduce the defendant's period of supervised release to three years. All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

DATED: This 6th day of March, 2019.

_____
Senior United States District Judge